# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

July 1, 2008

By ECF

The Honorable John E. Sprizzo
United States District Court
500 Pearl Street
New York, New York 10007

> Re: *Jeremy S. Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP, et al.*, 08 Civ. 5166 (JES)

Dear Judge Sprizzo:

      We represent Kasowitz, Benson, Torres and Friedman LLP ("KBT&F") and an individual partner named as defendants in this recently filed action. Having been advised that plaintiff's counsel is abroad and so far unavailable to discuss scheduling, I write respectfully to request a pre-motion conference or such other action as the Court may direct to address a fundamental defect in the complaint, specifically the absence of any possible basis for federal subject matter jurisdiction. Because this defect is so fundamental, we respectfully submit that the action should be dismissed without putting the parties and the Court to the unnecessary trouble of formal briefing. I am authorized to state that this request is joined by co-defendant Sitrick and Company ("Sitrick"), separately represented by the firm of Levine, Sullivan Koch & Schulz, LLP.

      All defendants expect to raise the subject matter jurisdiction defect because the complaint asserts exclusively state law claims by a former partner against the partnership and others, based on the partnership's decision to terminate the former partner for subjecting the firm's female employees to a pattern of inappropriate sexual advances, suggestions and groping. The complaint invokes the Court's diversity jurisdiction, under 28 U.S.C. §1332(a), because the dispute allegedly is between "citizens of different states," where plaintiff is "a citizen of New Jersey," while KBT&F is "a New York limited liability partnership with its principal place of business in New York," and the other named defendants are citizens of New York or California. (*See* Complaint ¶ 9

The Honorable John E. Sprizzo                                                                      -2-

(pertinent portions attached).)  However, as a partnership, KBT&F is a citizen of *each state where its partners are citizens.* See C.A. Wright, et al., *Fed. Prac. Proc.* § 3630 (2008) (collecting authorities).  KBT&F has several partners who are citizens of New Jersey.  Diversity is therefore lacking.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990).

        Plaintiff certainly should have known that he could not colorably assert diversity jurisdiction here.  The filing is sanctionable in this and a host of other respects, including but not limited to its false denial that plaintiff was terminated because of his own misconduct.  The only cognizable claims here belong to the firm.  By harassing the firm's female employees, plaintiff violated his duties to the partnership.

        To avoid further waste and abuse in this Court, in the event that plaintiff fails to withdraw his complaint, we respectfully request the opportunity to be heard at a pre-motion conference.  At or in advance of the pre-motion conference, we also would ask the Court briefly to extend our time to file our motions to dismiss, and to establish a staggered schedule for those motions, first, under Rule 12(b)(1) for lack of subject matter jurisdiction, and then, if necessary, under Rule 12(b)(6) for failure to state a claim.  Together with counsel for co-defendant Sitrick, we have tried to reach plaintiff's counsel to seek his consent to these requests and to agree on a convenient pre-motion conference date, but we understand that the partner in charge of the matter is in Europe, and hard to contact.

        We understand from Your Honor's courtroom deputy that 3 p.m. on July 8 may be a convenient conference date for Your Honor.  All defendants' counsel are available then, or as soon thereafter as Your Honor may direct.  We also will make ourselves available promptly by phone (212-558-3836) in the event Your Honor prefers that we discuss these issues with plaintiff's counsel and Your Honor's Deputy Clerk first.

        Respectfully submitted,

        Gandolfo V. DiBlasi

cc:  Craig Lanza, Esq.
     (Balestriere Lanza PLLC)

     David A. Schulz
     (Levine Sullivan Koch & Schulz, L.L.P.)